UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

YAMIL AGUIRRE                                          MOVANT/DEFENDANT

v.                                            CIVIL ACTION NO. 3:06CV-P271-H
                                              CRIMINAL ACTION NO. 3:02CR-125-H

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

## MEMORANDUM & OPINION

On May 26, 2006, the movant, Yamil Aguirre, filed a *pro se* motion to vacate, set aside

or correct his sentence pursuant to 28 U.S.C. § 2255 (§ 2255).  The matter came before the Court

for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings

for the United States District Courts.  By Order entered October 5, 2006, the Court directed the

§ 2255 motion to be filed in the criminal action and directed the United States to file an

answer.  Based on its review of the motion, the Court ascertained that there might be a statute-of-

limitations problem which needed further development.  Accordingly, the Court's Order

permitted the United States to initially limit its answer to that issue.  The Court provided the

movant with an opportunity to file a reply to the United States' answer.

The United States answered on October 11, 2006, arguing that the motion should be

denied as time-barred.  Over three months have passed since that time, and the movant has failed

to file a reply.  Accordingly, the matter is now ripe for a determination as to the timeliness of the

§ 2255 motion.  For the reasons that follow, the motion will be denied as time-barred.

## I.  PROCEDURAL HISTORY

On August 12, 2004, in open-court after being advised of his constitutional rights, the

movant pled guilty to one count of a violation of 21 U.S.C. § 846, conspiracy to possess with

intent to distribute a controlled substance, and one count of a violation of 21 U.S.C. § 841(a)(1),

possession with intent to distribute a controlled substance.  A Judgment and Commitment

Order was filed and entered on December 1, 2004 (DN 216).  This Court sentenced the movant

to a total of 168 months imprisonment and a period of five years supervised release following

incarceration.  The movant did not file a direct appeal of his conviction and sentence.

On May 26, 2006, the movant filed his § 2255 motion in this Court.  As grounds for his

motion, the movant states that his "counsel was ineffective by not investigating [his] criminal

history points."  He further explains that he "was sentence[d] to an extra two points in the

criminal history point section to a level two instead of a level one history criminal category [and]

was increased two points for cases that were imposed over ten years of defendant's

commencement of the instant offense in violation of U.S.S.G. § 4A1.2(e)(2)."  He states that at

the time of his sentence he explained to his attorney that the increase in his criminal history

points was computed in error, but his counsel failed to object.  He claims that he has just now

received the state court records necessary to confirm these facts and "humbly asks this Court to

grant him an 'out of time' § 2255 motion."

## II.  ANALYSIS

A threshold issue for § 2255 motions is whether the motion is filed within the one-year

limitation period.  The limitation period under § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created
> by governmental action in violation of the Constitution or laws of
> the United States is removed, if the movant was prevented from
> making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on

2

collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

"[A]n uappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment. . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period began running on December 15, 2004, and expired a year later on December 15, 2005.  The movant, however, did not file his § 2255 motion until May 25, 2006,[1] over six months after the statute of limitations had run.  Accordingly, the movant's action appears to be time-barred and subject to summary dismissal.

However, the one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A movant bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly."  *Dunlap*, 250 F.3d at 1008-09.  To determine the appropriateness of equitably tolling the statute of limitations, a district court must consider the following five factors:  (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  The movant dated his application on May 25, 2006, and it was received by the Court on June 2, 2006.  Thus, it must have been handed to prison officials for mailing at some time between May 25 and June 2.  For purposes of this case, the Court gave the movant the benefit of the earliest possible filing date.

ignorant of the legal requirement for filing his claim. *Id.* at 1010 (applying the five factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)).

As to the first two requirements, lack of knowledge and/or constructive knowledge of the filing requirement, the movant does not suggest that he was ignorant of the time limitations. Indeed, it appears that the movant was aware of the statute of limitations for filing a § 2255 motion as he acknowledges that without the application of equitable tolling his motion is untimely.

As to the third requirement, due diligence, the movant appears to suggest that his failure to get the state court records necessary to confirm his criminal history points caused the delay in filing his motion. The motion itself, however, suggests that petitioner knew, or at least suspected that his criminal history calculation was incorrect at the time of sentencing. He states that "at the time of sentence [he] explained to his attorney that the increase in [his] criminal history points was comuted in error." Given this knowledge, the movant has failed to establish that he diligently pursued his rights. While the movant insinuates that the delay was caused by not having his state court records, the movant has not provided the Court with any evidence that suggests that he diligently attempted to obtain those records. Moreover, he could have filed a timely motion and supplemented it with the state court records after he obtained them.

The fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here as the Court does not consider this factor unless it identifies another factor that might justify tolling. *Vroman*, 346 F.3d at 605 (citing *Andrews*, 851 F.2d at 151)).

4

Like the first two factors, the final factor, the movant's reasonableness in remaining ignorant of the legal requirement for filing his motion, is inapplicable since it appears as if the movant was aware of the legal requirements for filing a timely motion.

Even after being given an opportunity to do so, the movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case. Accordingly, the Court has concluded that the movant's motion should be denied as it is time-barred.

### III.  CERTIFICATE OF APPEALABILITY

In the event that the movant appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), i.e., a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to

dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Movant, *pro se*
        Counsel of Record

4412.008